1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICARDO BENAVIDEZ-RUIZ,

Plaintiff,

v.

CO VILLASENOR, et al.,

Defendants.

Case No. EDCV 16-1838 PSG(JC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

## I.   BACKGROUND AND SUMMARY

On August 26, 2016, Ricardo Benavidez-Ruiz ("plaintiff"), who is a prisoner at the California State Prison, Corcoran Substance Abuse Treatment Facility, is proceeding without a lawyer (*i.e.*, "*pro se*"), and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the following three defendants connected with the "Chino State Prison": (1) Correctional Officer ("Villasenor"); (2) Correctional Officer Rodriguez ("Rodriguez"); and (3) Correctional Lieutenant Ramirez ("Ramirez") (collectively "defendants"). (Complaint at 3). Very liberally construed the Complaint essentially alleges: (1) plaintiff is a sensitive needs ("SNY") inmate in the "Enhanced Outpatient Program" and needs to use a cane

because he only has one leg; (2) on November 27, 2015, plaintiff slipped and fell in a shower that did not meet the requirements of the Americans with Disabilities Act ("ADA") (*i.e.*, the shower had a raised step and did not have ADA hand rails installed); and (3) on one or more unspecified occasions, various defendants directed plaintiff to use the "mainline" and/or "dayroom" showers which placed plaintiff "at direct risk of harm or death by mainline inmates." (Complaint at 5-5a). Plaintiff sues defendants in their individual capacities only and seeks monetary relief.

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II. THE SCREENING REQUIREMENT

As plaintiff is a prisoner proceeding *in forma pauperis* on a civil rights complaint against governmental defendants, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

When screening a complaint to determine whether it states any claim that is viable (*i.e.*, capable of succeeding), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks

1  omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading
2  standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me
3  accusation") (citing id. at 555).  In addition, under Rule 10 of the Federal Rules of
4  Civil Procedure ("Rule 10"), a complaint, among other things, must (1) state a
5  party's claims in sequentially "numbered paragraphs, each limited as far as
6  practicable to a single set of circumstances"; and (2) state "each claim founded on a
7  separate transaction or occurrence . . . in a separate count" where, like here, "doing
8  so would promote clarity. . . ."  Fed. R. Civ. P. 10(b).

9       Thus, to survive screening, a civil rights complaint must "contain sufficient
10 factual matter, accepted as true, to state a claim to relief that is plausible on its
11 face."  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and
12 quotation marks omitted).  A claim is "plausible" when the facts alleged in the
13 complaint would support a reasonable inference that the plaintiff is entitled to relief
14 from a specific defendant for specific misconduct.  Iqbal, 556 U.S. at 678 (citation
15 omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)
16 (complaint "must allege the basis of [plaintiff's] claim against each defendant" to
17 satisfy Rule 8 pleading requirements) (emphasis added); Chappell v. Newbarth,
18 2009 WL 1211372, *3 (E.D. Cal. May 1, 2009) ("[A] complaint must put each
19 defendant on notice of Plaintiff's claims against him or her, and their factual
20 basis.") (citing Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)).
21 Allegations that are "merely consistent with" a defendant's liability, or reflect only
22 "the mere possibility of misconduct" do not "show[] that the pleader is entitled to
23 relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a
24 claim that is "plausible on its face."  Iqbal, 556 U.S. at 678-79 (citations and
25 quotation marks omitted).  At the screening stage, "well-pleaded factual
26 allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the
27 elements of a cause of action" and "legal conclusion[s] couched as a factual
28 allegation" are not.  Iqbal, 556 U.S. at 678 (citation and quotation marks omitted).

3

1    *Pro se* complaints in civil rights cases are interpreted liberally to give
2    plaintiffs "the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.
3    2012) (citation and internal quotation marks omitted).  If a *pro se* complaint is
4    dismissed for failure to state a claim, the court must "freely" grant leave to amend
5    (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all
6    possible" that the plaintiff could correct the pleading errors in the complaint by
7    alleging "other facts."  Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d
8    1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122,
9    1126-30 (9th Cir. 2000) (en banc) (citation and quotation marks omitted).

10   **III.   PERTINENT LAW**
11       **A.   Section 1983 Claims**
12       To state a claim under Section 1983, a plaintiff must plausibly allege that a
13   defendant, while acting under color of state law, caused a deprivation of the
14   plaintiff's federal rights.  42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988)
15   (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation
16   omitted).  There is no vicarious liability in Section 1983 lawsuits.  Iqbal, 556 U.S.
17   at 676 (citing, *inter alia*, Monell v. Department of Social Services of the City of
18   New York, 436 U.S. 658, 691 (1978)).  Hence, a government official – whether
19   subordinate or supervisor – may be held liable under Section 1983 only when his or
20   her own actions have caused a constitutional deprivation.  OSU Student Alliance v.
21   Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 134 S. Ct. 70
22   (2013).

23       An individual government defendant "causes" a constitutional deprivation
24   essentially when he or she (1) "does an affirmative act, participates in another's
25   affirmative acts, or omits to perform an act which he [or she] is legally required to
26   do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others
27   which the [defendant] knows or reasonably should know would cause others to
28   inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.

1978) (citations omitted); see also Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (same) (citing id.).  Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

Similarly, a government official may be held individually liable under Section 1983 for acts taken in a supervisory capacity, but only when the supervisor's own misconduct caused an alleged constitutional deprivation.  See Iqbal, 556 U.S. at 676, 677; OSU Student Alliance, 699 F.3d at 1069 (citing id. at 676).  A supervisor may "cause" a constitutional deprivation for purposes of Section 1983 liability, if he or she (1) personally participated in or directed a subordinate's constitutional violation; or (2) was not "physically present when the [plaintiff's] injury occurred," but the constitutional deprivation can, nonetheless, be "directly attributed" to the supervisor's own wrongful conduct.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

**B.     Eighth Amendment – Deliberate Indifference to Inmate Safety**

The Eighth Amendment prohibits cruel and unusual punishment of individuals convicted of a crime.  U.S. Const. amend. VIII.  Although the Constitution does not require "comfortable" prisons, the Eighth Amendment does mandate that prisoners be held in "humane conditions of confinement" – that is, prison officials must provide inmates with adequate food, clothing, shelter, exercise, and medical care, and must take "reasonable measures" to guarantee inmate safety.  Farmer v. Brennan, 511 U.S. 825, 832-34 (1994) (citations and quotation marks omitted); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (citations omitted).

Prison officials violate the Eighth Amendment when they are deliberately indifferent to an inmate's basic human needs.  Farmer, 511 U.S. at 832-34 (citations

1  and quotation marks omitted); <u>Hearns</u>, 413 F.3d at 1042 (citations omitted); <u>see also</u>

2  <u>Colwell v. Bannister</u>, 763 F.3d 1060, 1066 (9th Cir. 2014) (noting that Eighth

3  Amendment claim "includes both an objective standard – that the deprivation was

4  serious enough to constitute cruel and unusual punishment – and a subjective

5  standard – deliberate indifference") (citation and internal quotation marks omitted).

6  A prison official acts with deliberate indifference when he or she is aware of and

7  purposefully disregards an excessive risk of serious harm to inmate health or safety.

8  <u>Farmer</u>, 511 U.S. at 837; <u>Johnson v. Lewis</u>, 217 F.3d 726, 734 (9th Cir. 2000), <u>cert.</u>

9  <u>denied</u>, 532 U.S. 1065 (2001).  An official must be subjectively aware of the

10 excessive risk of harm to an inmate – that is, "the official must both be aware of

11 facts from which the inference could be drawn that a substantial risk of serious

12 harm exists, and he [or she] must also draw the inference."  <u>Castro v. County of Los</u>

13 <u>Angeles</u>, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc) (quoting <u>Farmer</u>, 511 U.S.

14 at 837) (internal quotation marks omitted), <u>petition for cert. filed</u>, No. 16-655 (Nov.

15 10, 2016).

16 **IV.   DISCUSSION**

17        Here, the Complaint is deficient in at least the following respects:

18        First, the Complaint violates Rule 10 because it does not state plaintiff's

19 claims in sequentially "numbered paragraphs, each limited as far as practicable to a

20 single set of circumstances," and does not state each claim founded on a separate

21 transaction or occurrence in a separate count.  Fed. R. Civ. P. 10(b).

22        Second, the Complaint does not state a viable Eighth Amendment claim

23 against defendant Villasenor.  For example, plaintiff's allegation that defendant

24 Villasenor "watched [plaintiff] slip and fall" – without more – is insufficient to

25 support an inference that at any relevant point in time the defendant was

26 subjectively aware of but disregarded an excessive risk of serious harm to plaintiff.

27 While it is possible that defendant Villasenor purposefully failed to take reasonable

28 measures to ensure plaintiff's safety when plaintiff slipped and fell, such mere

possibility is insufficient to show that defendant Villasenor acted with the requisite deliberate indifference under the circumstances.  Conclusory allegations that defendant Villasenor "knew of but failed to submit an ADA work order to correct [unspecified] shower deficiencies" (Complaint at 5) at most suggest that the defendant acted negligently – which is insufficient to state a Section 1983 claim predicated on an Eighth Amendment violation.  See, e.g., Farmer, 511 U.S. at 835 ("deliberate indifference entails something more than mere negligence") (citation omitted); Whitley v. Albers, 475 U.S. 312, 319 (1986) ("ordinary lack of due care for the prisoner's interests or safety" does not amount to "cruel and unusual punishment"); Lemire v. California Department of Corrections and Rehabilitation, 726 F.3d 1062, 1082 (9th Cir. 2013) ("Even gross negligence is insufficient to establish deliberate indifference [under the Eighth Amendment].") (citation omitted).

Third, the Complaint does not state a viable Eighth Amendment claim against defendant Rodriguez.  Allegations that defendant Rodriguez acted negligently – i.e., "knew of but failed to submit an ADA work order to correct [unspecified] shower deficiencies" (Complaint at 5) – are insufficient to state a viable Section 1983 claim.  See, e.g., Farmer, 511 U.S. at 835 (citation omitted); Whitley, 475 U.S. at 319.  In addition, conclusory allegations that on unspecified occasions defendant Rodriguez "refused to allow [plaintiff] to shower in the SNY showers" and ordered plaintiff "into the dayroom showers . . . with the mainline inmates[,]" and that defendants Rodriguez and Villasenor told plaintiff to use the mainline shower which "placed [plaintiff's] life at direct risk of harm or death by mainline inmates" (Complaint at 5-5a) amount to little more than a "formulaic recitation of the elements" which is insufficient to state a civil rights claim under Section 1983.  See Iqbal, 556 U.S. at 680-84 (citations omitted).  See Iqbal, 556 U.S. at 680-84 (conclusory allegations in complaint which amount to nothing more than a "formulaic recitation of the elements" are insufficient under pleading standard in

1   Fed. R. Civ. P. 8) (citations omitted); see also Pena v. Gardner, 976 F.2d 469, 471

2   (9th Cir. 1992) (vague and conclusory allegations of official participation in civil

3   rights violations not sufficient to state claim under Section 1983) (citing Ivey v.

4   Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).

5       Fourth, the Complaint does not state a viable Eighth Amendment claim

6   against defendant Ramirez.  Allegations that on some unspecified occasion

7   defendant Ramirez "directly ordered [plaintiff] to shower in the mainline showers

8   while mainline inmates were in the area and accessible [sic] to [plaintiff]"

9   (Complaint at 5a) do not support a reasonable inference that defendant Ramirez was

10  subjectively aware that use of a mainline shower and/or exposure to mainline

11  inmates posed any particular risk to plaintiff, much less an excessive risk of serious

12  harm that defendant Ramirez intentionally disregarded.  Moreover, to the extent

13  plaintiff's claims against defendant Ramirez or any other defendant are predicated

14  upon the alleged failure properly to process plaintiff's inmate grievances, plaintiff

15  fails to state a cognizable Eighth Amendment claim.  In short, prisoners do not have

16  a "separate constitutional entitlement to a specific prison grievance procedure."

17  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855

18  F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988)), cert. denied, 541 U.S.

19  1063 (2004).

20      Finally, plaintiff's remaining allegations contain little more than an

21  unintelligible stream-of-consciousness rambling which is far from the short and

22  plain statement in numbered paragraphs contemplated by the Federal Rules, and

23  consequently are insufficient to state any viable Section 1983 claim.  See Pena, 976

24  F.2d at 471 (citation omitted); Iqbal, 556 U.S. at 680-84 (citations omitted); see also

25  Knapp v. Hogan, 738 F.3d 1106, 1109-10 & n.1 (9th Cir. 2013) (violations of Rule

26  8 "short and plain statement" requirement "warrant dismissal") (citations omitted),

27  cert. denied, 135 S. Ct. 57 (2014); Stewart v. Ryan, 2010 WL 1729117, at *2 (D.

28  Ariz. Apr. 27, 2010) ("It is not the responsibility of the Court to review a rambling

narrative in an attempt to determine the number and nature of a plaintiff's claims."); see also Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.") (cited with approval in Knapp, 738 F.3d at 1111), cert. denied, 540 U.S. 968 (2003).

## V.   ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1.   The Complaint is dismissed with leave to amend.  If plaintiff intends to pursue this matter, he shall file a First Amended Complaint within twenty (20) days of the date of this Order which cures the pleading defects set forth herein.[1] The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion.

2.    In the event plaintiff elects not to proceed with this action, he shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

///

3.     **Plaintiff is cautioned that, absent further order of the Court,**

---

[1]Any First Amended Complaint must:  (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the Original Complaint – i.e., it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in sequentially numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each individual defendant did and how that individual's conduct specifically violated plaintiff's civil rights; and (i) not change the nature of this suit by adding new, unrelated claims or defendants, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – i.e., a pleading that alleges unrelated violations against different defendants).

9

1   **plaintiff's failure timely to file a First Amended Complaint or Notice of**
2   **Dismissal, may result in the dismissal of this action with or without prejudice**
3   **on the grounds set forth above and/or for failure diligently to prosecute and/or**
4   **for failure to comply with the Court's Order.**

5          IT IS SO ORDERED.

7   DATED: 12/7/16

10                              HONORABLE PHILIP S. GUTIERREZ
                                UNITED STATES DISTRICT JUDGE

12  Attachments

10