Case 5:16-cv-01838-PSG-JC Document 15 Filed 03/21/17 Page 1 of 5 Page ID #:55

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BENAVIDEZ-RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>CO VILLASENOR, et al.,<br><br>Defendants. | Case No. EDCV 16-1838 PSG(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

**I. BACKGROUND AND SUMMARY**

On August 26, 2016, Ricardo Benavidez-Ruiz ("plaintiff"), who is a prisoner at the California State Prison, Corcoran Substance Abuse Treatment Facility, is proceeding without a lawyer (*i.e.*, "*pro se*"), and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 against the following three defendants connected with the "Chino State Prison": (1) Correctional Officer Villasenor; (2) Correctional Officer Rodriguez; and (3) Correctional Lieutenant Ramirez (collectively "defendants"). (Original Complaint at 3). Very liberally construed the Original Complaint essentially alleged: (1) plaintiff is a sensitive needs ("SNY") inmate in the "Enhanced Outpatient Program" and needs to use a cane

because he only has one leg; (2) on November 27, 2015, plaintiff slipped and fell in a shower that did not meet the requirements of the Americans with Disabilities Act ("ADA") (*i.e.*, the shower had a raised step and did not have ADA hand rails installed); and (3) on one or more unspecified occasions, various defendants directed plaintiff to use the "mainline" and/or "dayroom" showers which placed plaintiff "at direct risk of harm or death by mainline inmates." (Original Complaint at 5-5a). Plaintiff sued defendants in their individual capacities only and sought monetary relief.

On December 7, 2016, this Court screened the Original Complaint, notified plaintiff of multiple deficiencies therein, and dismissed the Original Complaint with leave to amend ("Dismissal Order"). (Docket No. 8). The Court granted plaintiff leave to file a First Amended Complaint within twenty (20) days, *i.e.*, by December 27, 2016, to the extent plaintiff was able to cure the pleading defects set forth in the Dismissal Order. (Docket No. 8 at 9). The Dismissal Order further directed plaintiff, in the event he elected not to proceed with this action, to file a Notice of Dismissal. (Docket No. 8 at 9). The Dismissal Order also provided the following warning:

> **Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds set forth [in the Dismissal Order] and/or for failure diligently to prosecute, and/or failure to comply with the Court's [Dismissal] Order.**

(Docket No. 8 at 9-10) (emphasis in original).

Plaintiff was thereafter granted two extensions of time to file a First Amended Complaint or a Notice of Dismissal ("Extensions Orders"), ultimately extending his deadline to file such documents to **February 24, 2017**. (Docket Nos. 11, 14). Both Extensions Orders contained the following warning:

> **Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds set forth [in the Dismissal Order] and/or for failure diligently to prosecute, and/or failure to comply with the Court's Orders.**

(Docket No. 11 at 1-2; Docket No. 14 at 2) (emphasis in original). Plaintiff's twice-extended deadline to file a First Amended Complaint or a Notice of Dismissal has now expired. Plaintiff has not filed a First Amended Complaint or a Notice of Dismissal and has not requested a further extension of time to do so.

## II. DISCUSSION

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to state a claim upon which relief can be granted, his failure to comply with the Dismissal Order, and his failure diligently to prosecute.

First, as explained in detail in the Dismissal Order, the Original Complaint failed to state a claim upon which relief may be granted. The Dismissal Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading, granted plaintiff ample leave to file an amended complaint to the extent he was able to cure the multiple pleading deficiencies identified, and warned plaintiff that the action would be dismissed if he failed timely to file such an amendment. Plaintiff was thereafter afforded two extensions of time to file an amended pleading and was twice again warned that the action would be dismissed if he failed timely to do so. Since plaintiff did not file an amended complaint despite having been given an opportunity to do so, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that states viable claims for relief. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the

requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014).  Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the Dismissal Order and the failure diligently to prosecute.  It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

///

omitted).[1]  Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the Dismissal Order warrant dismissal.

**III.   ORDER**

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

DATED: __3/21/17_____

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

---

[1] Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted).  A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Dismissal Order) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).  Here, as noted above, plaintiff has been notified of the deficiencies in the Original Complaint and has been afforded the opportunity to amend effectively.  Further, the Court's Dismissal Order was not erroneous.